# 2001 DTA 146

## TRIBUNAL DE CIRCUITO DE APELACIONES
## CIRCUITO REGIONAL DE CAROLINA-FAJARDO

EL PUEBLO DE PUERTO RICO
Recurrido

v.

JOSE A. GARCIA SANTIAGO
Peticionario

Núm. KLCE-01-00334

San Juan, Puerto Rico, a 11 de abril de 2001

Panel integrado por su Presidente, el Juez Miranda De Hostos,
la Jueza Hernández Torres y el Juez Martínez Torres

Miranda De Hostos, Juez Ponente

## TEXTO COMPLETO DE LA SENTENCIA

La parte peticionaria José A. García Santiago, solicita que revoquemos la sentencia dictada por el Tribunal de Primera Instancia, Sala Superior de Carolina, que le impuso una sentencia suspendida por el término de un (1) año con la condición de recibir cursos de reeducación por el uso de sustancias controladas y agresividad, por un cargo relacionado con la Ley de Violencia Doméstica.

Alega la parte peticionaria que el Tribunal de Primera Instancia, abusó de su discreción al no concederle el beneficio del desvío provisto por dicho estatuto aun cuando cualificaba para ello.

Se expide el auto solicitado, se revoca la sentencia emitida y se devuelve al Tribunal de Primera Instancia para que le conceda el desvío a la parte peticionaria. Veamos los fundamentos.

### I

El 20 de septiembre de 2000, se presentaron denuncias contra la parte peticionaria José A. García Santiago, por infracción a los artículos 3.2 y 3.3 de la Ley Núm. 54 de 15 de agosto de 1989, conocida como la Ley para la Prevención e Intervención con la Violencia Doméstica (Ley de Violencia Doméstica).

Luego de los trámites correspondientes, el 12 de diciembre de 2000, las partes suscribieron una moción sobre alegación pre-acordada para rebajar la acusación por el artículo 3.3 de maltrato mediante amenaza al artículo 3.1 de maltrato, y se recomendó la concesión del desvío bajo dicha Ley Núm. 54.

En la vista de pronunciamiento de sentencia, el Tribunal de Primera Instancia examinó una evaluación de la parte peticionaria realizada por el Instituto de Reeducación de Puerto Rico. La evaluación reflejaba entre otras cosas que la parte peticionaria no tenía antecedentes penales, que su única relación había sido con la perjudicada, que no tenían hijos y que no había tenido ningún tipo de comunicación con la perjudicada después de los eventos delictivos, aun cuando no existía una orden de protección. También expresaba que la parte peticionaria admitió haber consumido sustancias controladas, pero que hacía cuatro años (4) que no las usaba y que las había dejado por su propia voluntad sin la ayuda de ningún programa.

El Tribunal de Primera Instancia suspendió el acto de dictar sentencia y ordenó que se realizara otra evaluación y pruebas de dopaje de la parte peticionaria. Cumplido dicho trámite, la técnico sociopenal Sandra Ramos, presentó otro informe donde expuso que la parte peticionaria no era usuario de drogas ya que las pruebas de dopaje habían resultado negativas y recomendaba la concesión del desvío.

Así las cosas, el Tribunal de Primera Instancia le impuso a la parte peticionara una sentencia suspendida por el término de un (1) año con la condición especial de recibir cursos de reeducación por uso de sustancias controladas y agresividad. La defensa solicitó al tribunal de instancia que indicara los criterios para no conceder el desvío y el juez expresó que no se entraría en ese tipo de discusión y que acudiera al Tribunal de Circuito de Apelaciones en *certiorari*.

Inconforme la parte peticionaria acude ante nos.

## II

Procedamos a exponer la norma jurídica aplicable a los hechos ante nuestra consideración.

### A

Política Pública de la Ley Núm. 54 de 15 de agosto de 1989

Como norma general de hermenéutica legal en nuestra jurisdicción, se reconoce que al aplicar e interpretar leyes debemos hacerlo de acuerdo al propósito social que las inspira. *FirstBank v. Mpio. de Aguadilla*, opinión de 17 de enero de 2001, **2001 J.T.S. 9**, pág. 786. (Casos citados.)

La Ley Núm. 54, *supra*, fue creada con el propósito de proteger la vida, la seguridad y la dignidad de aquellas personas víctimas de violencia doméstica. Mediante la implantación de ésta, se pretende desarrollar, establecer y fortalecer remedios eficaces para ofrecer protección y ayuda a las víctimas. Además, se promueve alternativas para la rehabilitación de los ofensores así como estrategias para la prevención de la violencia doméstica. Véase, Art. 1.2, Ley Núm. 54, *supra*, 8 L.P.R.A. sec. 601.

Esta política pública de la Ley de Violencia Doméstica, es consecuencia del interés apremiante del Estado de promover el que se desista de las agresiones entre parejas y se modifiquen los patrones de conducta dañinos a nuestra comunidad. *Pueblo v. Rodríguez Velázquez*, opinión de 3 de octubre de 2000, **2000 J.T.S. 158**, págs. 199-200.

La implantación de la ley es una medida que busca fortalecer la unión familiar a través de unos mecanismos de protección con el propósito de reeducar y dar tratamiento sico-social tanto a las víctimas como a los ofensores. Ley Núm. 54 del 15 de agosto de 1989, Diario de Sesiones de 26 de junio de 1989, pág. 2343; *Pizarro Rivera v. Nicot Santana,* opinión de 12 de septiembre de 2000, **2000 J.T.S. 144**, pág. 74.

### B

El programa de desvío bajo la Ley de Violencia Doméstica

La Asamblea Legislativa expresó en el Art. 3.6 de la Ley Núm. 54, *supra*, que además de tipificarse como conducta criminal la violencia doméstica, se persigue fomentar la rehabilitación del agresor mediante el procedimiento de desvío. A través de este procedimiento, se desvía al agresor del proceso ordinario penal y se le enjuicia en un proceso rehabilitador. 8 L.P.R.A. sec. 636; véase, Diario de Sesiones, *supra*, pág. 2342.

Bajo el programa de desvío, el tribunal se abstiene de dictar sentencia y fija un período mediante resolución durante el cual se somete a la persona a rehabilitación y aquellas condiciones que el tribunal estime necesarias. El tribunal sólo dictará sentencia en caso de incumplimiento con las condiciones impuestas luego de celebrar una vista. *Pueblo v. Rodríguez Velázquez, supra*, pág. 198; *Pueblo v. Martínez Lugo*, opinión de 10 de febrero

de 2000, **2000 J.T.S. 39**, pág. 713.

En ambos procedimientos el desvío y la sentencia suspendida, promueven la rehabilitación del acusado estando éste en la libre comunidad o en un programa de rehabilitación. El desvío le confiere al acusado la oportunidad de rehabilitarse sin que su récord criminal se vea afectado por una convicción, lo que resulta en mayor beneficio, siempre y cuando cumpla con las condiciones que le fueron impuestas. *Pueblo v. Martínez Lugo, supra*.

La alternativa del desvío estará disponible si el acusado: (a) no ha sido convicto previamente por otros delitos o delitos de violencia doméstica contra su cónyuge, ex cónyuge, persona con quien cohabita o haya cohabitado, o con quien tiene o sostuvo relaciones consensuales, o con quien procreó un hijo; (b) se trate de una persona que no haya violado una orden de protección expedida previamente, o disposición legal similar; y (c) se suscriba a un convenio con el Ministerio Fiscal y el organismo pertinente. Art. 3.6, Ley Núm. 54, *supra*. 1

## C
La discreción del tribunal para conceder el desvío

La decisión de conceder el beneficio del desvío a un acusado descansa en la sana discreción del tribunal, sin embargo ésta no es absoluta e ilimitada. *Pueblo v. Rodríguez Velázquez, supra*, pág. 199; *Pueblo v. Ortega Santiago*, 125 D.P.R. 203, págs. 210-11(1990).

Se ha reconocido que discreción *"[n]o significa poder para actuar de una forma u otra haciendo abstracción del resto del Derecho"*, sino que es, *"[u]na forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera"*. *Pueblo v. Sánchez González*, 90 D.P.R. 197, 200 (1964).

Ocurre abuso de discreción cuando el tribunal sin justificación o fundamento alguno, le concede mayor peso o valor a un hecho irrelevante e inmaterial a los hechos en controversia. También ocurre abuso de discreción, cuando el tribunal luego de considerar todos los hechos materiales e importantes y descartar los irrelevantes, sopesa y calibra los mismos pero de manera liviana. Todo ello bajo el principio que la discreción está inexorablemente atada al concepto de razonabilidad. *Pueblo v. Ortega Santiago, supra*, pág. 212.

## D
Los alcances de la revisión judicial

Es norma reiterada que un tribunal apelativo no ha de intervenir con el ejercicio de la discreción del juez de instancia, salvo en casos claros de abuso de discreción. *Pueblo en interés de J.M.G.*, opinión de 25 de septiembre de 1995, **95 J.T.S. 123**, nota 2, pág. 90; *Pueblo v. Rivera Torres*, 121 D.P.R. 128, 140 (1988).

Además, se ha establecido como norma apelativa por nuestro más alto foro que, no se intervendrá con la evaluación de prueba ni con las determinaciones que haga el tribunal de instancia a menos que medie pasión, prejuicio o parcialidad. *Pueblo v. Acevedo Estrada*, opinión de 19 de enero de 2000, **2000 J.T.S. 22**, pág. 573; *Pueblo v. Soto González*, opinión de 7 de julio de 1999, **99 J.T.S. 117**, págs. 1365-1366; *Rodríguez Santana*, opinión de 3 de octubre de 1998, **98 J.T.S. 141**, pág. 234.

Sobre este particular es necesario expresar que al conceder el beneficio del desvío o sentencia suspendida, el tribunal debe analizar y determinar si el acusado es acreedor o no del mismo de acuerdo a sus virtudes y defectos. *Pueblo v. Rodríguez Velázquez, supra*.

Como regla general, se confiere gran respeto a las decisiones de los jueces de instancia de conceder o no el beneficio del desvío cuando la ley así lo dispone. No obstante, la discreción de los jueces al conceder o denegar el mismo no es absoluta, por lo que estará siempre sujeta a la revisión judicial cuando se incurra en abuso de

discreción. *Pueblo v. Ortega Santiago, supra*, pág. 212.

## III

Resumida la norma jurídica, procedemos a aplicarla a los hechos ante nuestra atención.

El peticionario José A. García Santiago, fue evaluado en dos ocasiones e inclusive se le realizó una prueba de dopaje que resultó negativa, como parte del trámite para presentar el informe pre-sentencia.

Los informes rendidos reflejan que el peticionario cualifica para el procedimiento de desvío pues no tiene antecedentes penales ni ha violado orden de protección alguna. Además, se hace constar que no ha tenido contacto con la perjudicada desde que decidieron separarse, tiene un empleo permanente, asiste a la iglesia y mantiene buenas relaciones con su familia y con la comunidad.

Ahora bien, no obstante que el peticionario cualifica para el beneficio del desvío, el Tribunal de Primera Instancia no le concedió tal privilegio y le impuso una sentencia suspendida, sin fundamentar las razones para ello.

Dispuso en su dictamen que el peticionario fue usuario de sustancias controladas, por lo cual lo refiere a un programa de reeducación.

Ante tales circunstancias, no se puede perder de perspectiva que en el caso de autos el consumo de sustancias controladas no es un factor determinante en la situación de hechos presentada, pues los informes indican que él no tiene un problema sobre el particular.

El Procurador General presenta como argumento que el peticionario no reconoce su problema de conducta ya que según el Informe de Evaluación Inicial, éste expresa que el incidente delictivo que dio lugar al proceso criminal ocurrió por la conducta de la perjudicada. Este argumento no es fundamento para denegarle el desvío, pues precisamente la ley lo que contempla es la reeducación de tal patrón de conducta y comportamiento de no aceptar el problema. Además, dicha ley siempre contempla acciones correctivas si la persona no cumple con el programa de desvío.

Concluimos que el Tribunal de Primera Instancia abusó de su discreción al denegarle el programa de desvío a la parte peticionaria cuando cualificaba para el mismo, sobre todo cuando no justificó de manera razonable las razones para su dictamen.

## IV

Por los anteriores fundamentos, se expide el recurso de *certiorari* presentado, se revoca la sentencia suspendida emitida y se devuelve al Tribunal de Primera Instancia, para que le conceda el desvío a la parte peticionaria dictando una resolución a tales fines.

Lo acordó y manda el Tribunal y lo certifica la Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General